Distributors Coal Company, Appellee, v. Charles O. Race and Ambrosia Y. Race, Appellants.

Gen. No. 24,153.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. FRANK H. GRAHAM, Judge, presiding. Heard in this court at the March term, 1918. Affirmed. Opinion filed July 1, 1918.

## Statement of the Case.

Action by Distributors Coal Company, a corporation, plaintiff, against Charles O. Race and Ambrosia Y. Race, defendants, to recover a balance claimed to be due for goods sold and delivered. From a judgment for plaintiff, defendants appeal.

FRED H. ATWOOD, CHARLES O. LOUCKS and VERNON R. LOUCKS, for appellants; GEARY V. STIBGEN, of counsel.

HENRY M. HAGAN, for appellee.

MR. PRESIDING JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. JUDGMENT, § 448*—*when party estopped to bring second action.* One who, without fault or fraud of the adverse party, takes judgment for a sum less than is actually claimed, is estopped to bring a second action for any balance due him before the entry of judgment.

2. JUDGMENT, § 473*—*when creditor not bound by on note.* The fact that judgment is entered by an indorsee on notes given for an amount incorrectly believed by a debtor and creditor to represent the amount due from the former to the latter does not preclude the creditor, who was not a party to the action by the indorsee, from thereafter bringing a separate action against the debtor to recover the additional sum actually due the creditor at the time the notes were delivered.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. ACTION, § 55*—*when cause of may not be split.* One cannot split a cause of action for a single breach of contract and bring several actions thereon.

4. PAYMENT, § 6*—*when acceptance of notes does not prevent recovery of balance of debt due.* Acceptance of a debtor's notes by a creditor in the erroneous belief that they represent the amount due him does not prevent him from compelling the payment of any additional amount actually due him, even though he has negotiated the notes.

5. SALES, § 329*—*when joint liability may be found on contract for coal.* In an action to recover a balance due on a contract for coal sold for use in an apartment house, brought against two defendants, a joint liability may be found, even though one defendant testifies that he was the owner of the house, where the other defendant signed notes given for an amount incorrectly believed to represent the total amount due, was made a defendant to the proceedings and did not deny joint liability under oath.